# RICKERT RICE MILLS, INC. *v.* FONTENOT, COLLECTOR OF INTERNAL REVENUE.*

No. 577. Argued December 16, 17, 1935.—Decided January 13, 1936.

---

\* Together with No. 578, *Dore* v. *Fontenot;* No. 579, *United Rice Milling Products Co.* v. *Fontenot;* No. 580, *Baton Rouge Rice Mill, Inc.* v. *Fontenot;* No. 581, *Simon* v. *Fontenot;* No. 585, *Levy Rice Milling Co.* v. *Fontenot;* No. 586, *Farmers Rice Milling Co.* v. *Fontenot;* and No. 587, *Noble-Trotter Rice Milling Co.* v. *Fontenot*—all on writs of certiorari to the Circuit Court of Appeals for the Fifth Circuit.

*Messrs. John P. Bullington* and *Homer L. Bruce*, with whom *Messrs. Ralph J. Schwarz, Morris B. Redmann,* and *C. A. McCoy* were on the brief, for petitioners.

*Assistant Attorney General Wideman*, with whom *Attorney General Cummings, Solicitor General Reed, Messrs. Sewall Key, Norman D. Keller, J. Paul Jackson, Lucius A. Buck, Mastin G. White, Prew Savoy,* and *Miss Helen R. Carloss* were on the brief, for respondent.

By leave of Court, briefs of *amici curiae* were filed as follows: *Messrs. Nathan L. Miller, John W. Davis,* and *William R. Perkins,* on behalf of Hygrade Food Products Corp. et al.; *Messrs. Charles B. Rugg, Frank J. Morley, Thomas Nelson Perkins,* and *Warren F. Farr,* on behalf of General Mills, Inc., et al.; *Mr. John E. Hughes,* on behalf of American Nut Co., Inc., et al.; and *Messrs. James S. Y. Ivins, Kingman Brewster, Percy W. Phillips, O. R. Folsom-Jones, Richard B. Barker,* and *John Ward Cutler,*—all in support of the petitioners.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

This is one of eight companion cases.[1] They were consolidated for hearing by the District Court. It will be sufficient briefly to state the facts in No. 577:

---

[1] The others are: 578, *Dore* v. *Fontenot;* 579, *United Rice Milling Products Co., Inc.* v. *Fontenot;* 580, *Baton Rouge Rice Mill, Inc.* v. *Fontenot;* 581, *Simon* v. *Fontenot;* 585, *Levy Rice Milling Co., Inc.* v. *Fontenot;* 586, *Farmers Rice Milling Co., Inc.* v. *Fontenot,* and 587, *Noble-Trotter Rice Milling Co., Inc.* v. *Fontenot.*

The petitioner, a processor of rice, filed its bill in the District Court for Eastern Louisiana, to restrain the respondent from assessing or collecting taxes levied for the month of September, 1935, and subsequent months, pursuant to the Agricultural Adjustment Act, 1933,[2] as amended by the Act of August 24, 1935.[3] The bill charges the exaction is unconstitutional and alleges the respondent threatens collection by distraint, which will cause irreparable injury, as the petitioner has no adequate remedy at law to recover what may be collected. A preliminary injunction was sought. The respondent filed a motion to dismiss, citing Revised Statutes 3224 and § 21 (a) of the amended Agricultural Adjustment Act as prohibiting restraint of collection, and also asserting that the petitioner had a plain, adequate, and complete remedy at law. The court refused an interlocutory injunction and entered a decree dismissing the bill. Appeal was perfected to the Circuit Court of Appeals. The District Judge refused to grant an injunction pending the appeal. Application to the Circuit Court of Appeals for such an injunction was denied upon the view that the petitioner had an adequate remedy at law and the statute deprived the court of jurisdiction to restrain collection.

In praying a writ of certiorari the petitioner asserted that by reason of the provisions of § 21 (d) it would be impossible to recover taxes collected, even though the act were unconstitutional, since the section forbids recovery except upon a showing of facts not susceptible of proof. This court granted the writ and restrained collection of the tax upon condition that the petitioner should pay the amount of the accruing taxes to a depository, to the joint credit of petitioner and respondent, such funds to be withdrawn only upon the further order of the court.

[2] C. 25, 48 Stat. 31.
[3] C. 641, 49 Stat. 750.

The cause was advanced for hearing and has been fully argued on the questions of the constitutionality of the exaction and the inadequacy of the remedy for recovery of taxes paid.

The changes made by the amendatory act of August 24, 1935, do not cure the infirmities of the original act which were the basis of decision in *United States* v. *Butler, ante,* p. 1. The exaction still lacks the quality of a true tax. It remains a means for effectuating the regulation of agricultural production, a matter not within the powers of Congress.

We have no occasion to discuss or decide whether § 21 (d) affords an adequate remedy at law. As yet the petitioner has not paid the taxes to the respondent, and, in view of the decision in the *Butler* case, hereafter cannot be required so to do. If the respondent should now attempt to collect the tax by distraint he would be a trespasser. The decree of the District Court will be vacated, an appropriate order entered directing the repayment to the petitioner of the funds impounded *pendente lite,* and the cause remanded to the District Court for the entry of a decree enjoining collection of the assailed exaction. A similar disposition will be made of the companion cases.

*Decree vacated.*