**PERRY MILL & ELEVATOR CO. v. JONES, Collector of Internal Revenue.**

No. 1735.

District Court, W. D. Oklahoma.

Jan. 25, 1936.

Miley, Hoffman, Williams, France & Johnson, of Oklahoma City, Okl., for plaintiff.

William C. Lewis, U. S. Dist. Atty., and Wade H. Loofbourrow, Asst. U. S. Atty., both of Oklahoma City, Okl., for defendant.

VAUGHT, District Judge.

The plaintiff in this action seeks to restrain the Collector of Internal Revenue from the collection of what is known as the processing tax under the Agricultural Adjustment Act, as amended (7 U.S.C.A. § 601 et seq.), and alleges in its petition that said act, under which the collector is now collecting, and under which he seeks to collect said exactions in the future, is unconstitutional, and that to require plaintiff to make said payments is to deprive plaintiff of its constitutional rights.

A temporary injunction was granted, restraining the defendant from making said collections and, as a condition to the granting of said temporary injunction, this court required the plaintiff to execute an injunction bond in a sufficient sum to protect said payments demanded by the collector, or in lieu of said bond to deposit with the clerk of this court a sum equal to the amount of said exactions now due and to become due in the future until the final determination of this case, and in addition thereto, a sum sufficient to pay the poundage or other fees to be collected by the clerk of this court, as provided by law.

This case has been continued pending final determination of the questions involved in this case by the Supreme Court of the United States in cases therein pending. The decisions of the Supreme Court in United States v. Butler et al., 56 S.Ct. 312, 80 L.Ed. ——, decided January 6, 1936, and Rickert Rice Mills, Inc., v. Fontenot, 56 S.Ct. 374, 80 L.Ed. ——, decided January 13, 1936, are a final determination that the plaintiff is not liable for said exactions.

A petition for rehearing in Rickert Rice Mills, Inc. v. Fontenot, supra, was denied by the Supreme Court on January 20, 1936. 56 S.Ct. 438, 80 L.Ed. ——.

The defendant has filed a motion to vacate, set aside, and dismiss the temporary injunction, and has also filed a motion to dismiss. The plaintiff has filed a motion to modify the order for preliminary injunction and has asked that the sum so deposited in the registry of this court be repaid to the plaintiff.

The motions to dismiss have been overruled and the government has indicated that, under the decisions of the Supreme Court, it does not desire to make further defense in this case.

Another question has been raised as to whether or not there are other parties who might be interested to the extent that their rights may be litigated and determined in this case because of alleged interest in said sum held on deposit in view of the fact that said sum was collected from said persons by the plaintiff in this case.

No petitions of intervention have been filed in this case, but there are some 36 of these cases to which this order is applicable, and in some of the cases petitions of intervention have been filed. The court refers to the matter in this order or opinion not because the matters are before the court in this case, but for the purpose of clarifying the said question in so far as the jurisdiction of this court is involved.

This is an action brought by a manufacturer of flour against the Collector of Internal Revenue, the purpose of which is to prevent collection of a processing tax. Any transaction between the plaintiff and some other individual, or individuals, is not a matter which is involved in this particular case. The sole purpose of this suit is:

First, to prevent, temporarily, the collection of the sums demanded by the collector; second, to determine the constitutionality of the act; and third, to secure a permanent injunction against said collection.

Under the present status of this case, the court sees no reason why a final decree may not be entered.

This, however, is not a proper case in which one, who by virtue of said act has paid certain sums to the processor, might have his rights determined. If the plaintiff in this case, as a processor, has passed the exaction on to the baker, the merchant, or the consumer, and has actually collected said exaction and then is not required to pay said sum so collected, to this defendant, then said merchant, baker, or consumer may have a remedy against the processor. But any such claim certainly must be asserted in an independent action and is not involved in the particular question pending in this action between the processor and the Collector of Internal Revenue. If a merchant, baker, or consumer, who has paid the money to the processor, has a right to recover, certainly, he has a plain and adequate remedy at law. Therefore, the court is of the opinion that no other parties are involved in this case except the plaintiff and the defendant, and it is not a proper case in which to permit the intervention of other parties who might have claims of some nature or character against the plaintiff in this case.

If a baker may intervene when a processor has deposited the money in court as a condition of the injunction, the baker can intervene where the processor gave a bond under the same order. You cannot make fish of the one and fowl of the other. Yet it would not be contended that a baker could recover on the injunction bond.

It is therefore ordered, adjudged, and decreed, first, that the costs of this case be paid by the plaintiff; second, that all moneys deposited by the plaintiff in the registry of this court, in lieu of bond as heretofore referred to, less poundage and actual court costs, be repaid to the plaintiff; and, third, that the temporary injunction heretofore entered be made permanent.

A form of decree consistent with the foregoing may be submitted. In those cases where actual bonds were deposited with the clerk, the decree should provide that said bonds be discharged and the bondsmen exonerated. An exception is allowed.