**GARDNER v. HELVERING, Com'r of Internal Revenue.\***

**No. 6714.**

United States Court of Appeals for the District of Columbia.

Argued Nov. 9, 10, 1936.
Decided Dec. 14, 1936.

A. LeSourd, Sp. Assts. to Atty. Gen., for appellee.

Before MARTIN, C. J., and ROBB, VAN ORSDEL, GRONER, and STEPHENS, JJ.

GRONER, J.

In section 602½ (a) of the Revenue Act of 1934 (26 U.S.C.A. § 999 (a),[1] Congress imposed a tax upon the first domestic processing of various imported vegetable oils, including palm oil, and upon "any combination or mixture containing a substantial quantity of any one or more of such oils with respect to any of which oils there has been no previous first domestic processing." "First domestic processing" is declared to mean the first use in the United States, in the manufacture or production of an article intended for sale, of the article with respect to which the tax is imposed, but not to include the use of palm oil in the manufacture of tin plate. The first sentence of the section was amended in the Revenue Act of 1936, § 702, but in no respects material to this inquiry.[2] Appellant brought his bill in the lower court to enjoin the levy, assessment, and collection of taxes under 602½ on the processing of palm oil refuse which had been previously used in the manufacture of tin plate. Appellant had made a contract with the American Sheet & Tin Plate Company for its entire supply of refuse palm oil for the year 1936. This oil in its imported state is used by the manufacturers of tin plate, and the refuse is the remainder after use in such manufacture. At the time the bill was filed no oil had been processed, and admittedly there were then no taxes due from appellant; but in the hearing on this appeal appellant asked leave to add to the record in order to show that since the hearing below appellant has distilled 86 short tons of refuse oil on which no tax has been paid—nor demanded—and was then engaged in the active distillation of his refuse oil. But in our opinion this motion must be denied, and we must decide the case upon the pleadings and proofs below. Pacific R. R. v. Ketchum, 95 U.S. 1, 24 L.Ed. 347. The new facts transpiring since the decision are in no respect like those noticed by the court in Meccano, Limited, v. Wanamaker, 253 U.S. 136, 40 S.Ct. 463, 64 L.Ed. 822,·

Dorothy Ashby Moncure and Philip H. Marcum, both of Washington, D. C., for appellant.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and F.

---

[1] 48 Stat. 680.

[2] Revenue Act of 1936, U.S.C.A., title 26, § 999.

748

and E. I. Du Pont, etc., Co. v. Richmond Guano Company (C.C.A.) 297 F. 580. To grant the motion would be to authorize a trial de novo.

From what has been already said, it is obvious that at the time the bill was filed, and at the time the case was decided, there was in no true sense of the word a controversy between appellant and the Commissioner. Commissioner, therefore, insists that the case does not present a justiciable controversy. Appellant takes a contrary view. He tells us that this is not a suit to restrain the assessment and collection of a tax in the usual sense but is a suit to restrain the Commissioner from exceeding his administrative authority. The basis of this is that in 1935 the Commissioner promulgated Sales Tax Ruling 820 in Internal Revenue Bulletin No. 41, vol. XIV, p. 15, purporting to construe section 602½ (a), 26 U.S.C.A. § 999 (a), as applicable to the use of refuse palm oil when such refuse contained 10 per cent. or more of substantially all the essential elements of the original palm oil; that this ruling of the Commissioner made it impossible for appellant to procure a processing company equipped to split and distill the refuse oil which he had contracted to purchase. Appellant further says that to avoid this difficulty he had numerous conferences with the Commissioner, the purpose of which was to have modified or annulled the ruling referred to, but that the Commissioner insisted the previous ruling was in accordance with existing law and personally reaffirmed it. From this appellant argues that, since by its provisions the act is self-executing, the question of the validity of the Commissioner's ruling in an equity suit presents a justiciable controversy. But a sufficient answer to this is that the decision of the Commissioner to which appellant objects was made upon a state of facts submitted by another taxpayer. Admittedly, it has no legal effect outside of the case in which it was made. It was not approved and promulgated with the authority of the Secretary and does not commit the Department. It is really no more than an expression of opinion given on the facts in a particular case which the Commissioner is at liberty without stultification or embarrassment to refuse to follow. It cannot, therefore, be said to be in any sense a threatened collection by the Commissioner of taxes as against appellant or even an authoritative ruling that if he persists in the distillation and sale of the refuse oil he will be liable to the tax. In this view, what appellant asks is that this court establish by a decree the correct construction of a revenue act as to which a difference of opinion exists between himself and the Bureau. Willing v. Chicago Auditorium, 277 U.S. 274, 48 S.Ct. 507, 72 L.Ed. 880.

As the case now appears, appellant is fearful that if he processes he will have to pay a tax. The fear may be entirely reasonable, but it does not create a justiciable controversy and in our view does not constitute a basis for the maintenance of a suit in equity. In Pierce v. Society of Sisters [3] the injury was present and certain and—in addition—was irreparable. In this case, even if it be conceded that the tax act is self-executing and that appellant is thus prevented from proceeding with his processing and hence made to suffer damages by the invalid ruling of the Bureau, the answer is that he has a legal remedy by suit after payment to recover the unlawful exaction. Haskins Bros. & Co. v. Morgenthau, 66 App.D.C. 178, 85 F.(2d) 677, certiorari denied November 9, 1936, 57 S.Ct. 118, 81 L.Ed. ——.

Neither do the facts present a situation so exceptional as to make inapplicable R. S. § 3224 (26 U.S.C.A. § 1543). There is nothing in Miller v. Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, to the contrary. In that case the company was engaged in manufacturing a butter substitute from vegetable oils. Four years before it began business there had been a judicial determination that this substitute was not taxable under the revenue statute, and the Commissioner—by Treasury Decision—had adopted and conformed to that decision. Following this the Commissioner had advised the Nut Company that no tax would be demanded, but later the Commissioner threatened to collect a tax of 10 cents a pound upon the Nut Company's product—a prohibitory and ruinous tax—at the same time making no effort to collect a tax on the similar products of others. The Supreme Court held, in the first place, that the tax was clearly illegal and that, in addition to its illegality, there were special and extraordinary circumstances (to some of which we have re-

---

[3] 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070, 39 A.L.R. 468.

ferred) sufficient to show a discrimination against uniform taxation and therefore to bring the case within some acknowledged head of equity jurisprudence.

Nor in our opinion may appellant rely any more upon Rickert Rice Mills v. Fontenot, 297 U. S. 110, 56 S.Ct. 374, 80 L.Ed. 513, for in that case there was not only admitted unconstitutionality of the act but a showing of irreparable damages since, under section 21 (d) of the act (7 U. S.C.A. § 623 (d), recovery of the tax collected depended upon a showing of facts not susceptible of proof. In short, in the two cases last mentioned there was a demand by the Commissioner for an admittedly unconstitutional tax and a threat to collect it, and there were extraordinary facts justifying relief notwithstanding R. S. § 3224 (26 U.S.C.A. § 1543). Here, as we have seen, there is no tax due, and no demand or threat to assess or collect one. But even if it were otherwise the payment of the tax would not constitute irreparable damage, since as we have seen the law provides an action for its recovery. For these reasons we think nothing said by the Supreme Court in any of the cases relied on is applicable. Appellant's case is much more nearly like Red Star Yeast, etc., v. La Budde, 83 F.(2d) 394 (C.C.A.7). There the Yeast Company sued to enjoin any attempt to assess or collect a tax on yeast as a toilet preparation. And there, as here, no tax had been assessed, and there—likewise as here—no unusual circumstances attended the case. The District Court dismissed the bill, and the Court of Appeals sustained the ruling on the ground that, since it was not shown that a tax had been assessed, the element of threatened injury was lacking and also on the ground that, since there was no showing of extraordinary circumstances within the rule of the Nut Margarine Case, R.S. § 3224 (26 U.S. C.A. § 1543) would prohibit the granting of the injunction. Each of these grounds is jurisdictional, and each exists in the present case. And in this view it is our duty to sustain the conclusion reached below, and therefore the decree appealed from is in all respects affirmed.

Affirmed.

STEPHENS, Associate Justice.

I concur in the opinion that this case does not present a justiciable controversy. In this view I think it unnecessary to pass upon the question whether the appellant has an adequate remedy at law by the payment of the tax and by a suit for its recovery. I, therefore, express no opinion on that point.