## WASHINGTON MILLS CO. v. SCHAUFFLER et al.

District Court, M. D. North Carolina,
Winston Salem Division.

Jan. 28, 1937.

Manly, Hendren & Womble, of Winston-Salem, N. C., for plaintiff.

A. Norman Somers, Atty., National Labor Relations Board, of Washington, D. C., for defendants.

HAYES, District Judge.

This is a suit to enjoin the defendants from conducting an examination into a labor dispute between the complainant and some of its former employees. Service was not obtained on any of the defendants except the examiner and the attorney who was to assist in the investigation.

The complainant alleges it is engaged solely in the operation of a textile manufacturing plant and in no manner engaged in interstate commerce, and hence its operations do not bring it under the jurisdiction of the National Labor Relations Board, and prays the court to enjoin the defendants from committing a threatened trespass, alleging that the hearing proposed would stir up labor strife, interfere with its normal business, and injuriously affect it in its trade and standing and leave it without an adequate remedy at law.

Similar questions were presented to this court almost one year ago in the cases of Cannon Mills, Inc., and the Golden Belt Mfg. Co. v. National Labor Relations Board,[1] in which this court held that the complainants had an adequate remedy · at law and dismissed the suits for want of equity.

The complainant here, knowing of these decisions, insists that a subsequent decision by the Fourth Circuit in Foster Bros. Mfg. Co. v. National Labor Relations Board (C.C.A.) 85 F.(2d) 984, establishes the law of this circuit to the effect that the act (29 U.S.C.A. §§ 151–166) has no application to one engaged solely in manufacturing, and contends that the complaint of the Labor Board in the Foster Case is substantially identical with the complaint of the Board in the proposed investigation which complainant seeks to enjoin, and contends that the acts of the defendant are trespasses which should be enjoined on the authority of Rickert Rice Mills v. Fontenot, 297 U.S. 110, 56 S.Ct. 374, 80 L.Ed. 513.

The basic reason for this court's decision in the Cannon Mills and the Golden Belt cases was the fact that the National Labor Relations Board was a quasi judicial body having the right to inquire into its jurisdiction and to determine for itself the question of its jurisdiction, and from its decision an appeal could be prosecuted to

---

[1] No opinions for publication.

398

the Court of Appeals; that its acts and decisions could not have any valid legal effect without invoking the aid of a court of competent jurisdiction, at which time the right of the Board to proceed could be determined; and that the act afforded an adequate remedy at law rendering it unnecessary for a court of equity to intervene.

Substantially the same legal questions decided in the Foster Case are now pending before the United States Supreme Court in the Harry Friedman-Marks Case, and we cannot regard the Foster Case as the settled law until the decision is rendered in the case now pending before the Supreme Court.

In view of the present status of the Foster Case this court ought not to enjoin the defendants but leave the complainant to its remedy at law which is plain and adequate. This court is not warranted in holding now that the proposed acts were those of trespassers. If, and when, the law in the Foster Case is settled, and if the Board, in defiance of the law, persists where it has no jurisdiction, an act which this court will not assume, it will be appropriate to determine the applicability of the law in Rickert Rice Mills v. Fontenot, 297 U.S. 110, 56 S.Ct. 374, 80 L.Ed. 513.

The adequacy of the remedy at law has been determined in numerous cases which are set out in full in Clark v. Lindemann & Hoverson Co. (C.C.A.7th Circuit, January 12, 1937) 88 F.(2d) 59; Heller Brothers Co. v. Lind et al., decided November 9, 1936, by United States Court of Appeals for the District of Columbia, reported in 86 F.(2d) 862; Bradley Lumber Co. v. Labor Board (C.C.A.) 84 F.(2d) 97; Bemis Brothers Bag Co. v. Feidelson (C.C.A.6th);[1] Carlisle Lumber Co. v. Hope (C.C.A.) 83 F.(2d) 92; E. I. DuPont De Nemours & Co. v. Boland (C.C.A.) 85 F.(2d) 12.

Injunctive relief against governmental agencies—whether state or federal—ought not to be granted except upon a clear showing of irreparable damage and an inadequate remedy at law. In cases of doubt the relief should be denied.

The questions involved here have been considered by the appellate courts and a further discussion is unnecessary.

---

[1] Not released by court at date of publication.