**TRUNZ PORK STORES, Inc., v. RASQUIN.**

No. 120.

Circuit Court of Appeals, Second Circuit.

Dec. 5, 1938.

Percy W. Phillips, of Washington, D. C. (Ivins, Phillips, Graves & Barker, of Washington, D. C., of counsel), for appellant.

Michael F. Walsh, U. S. Atty., of Brooklyn, N. Y. (James W. Morris, Asst. Atty. Gen., Sewall Key and Frederic G. Rita, Sp. Assts. to Atty. Gen., and Frank J. Parker, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Between June 1, 1934 and February 28, 1935, appellant was engaged in the business of packing, curing and selling pork products. It purchased live hogs at various markets; the hogs were shipped to others for slaughtering and dressing, after which they were delivered to appellant's plant. Believing that it was liable for a processing tax, appellant filed with appellee returns as a processer of hogs under the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq., for this period showing a liability of $323,035.75 which it paid. During such period, it did not slaughter any hogs. The Treasury Department ruled that appellant was not a processer and that no tax should be imposed upon it under the provisions of the Act, but that those who had slaughtered the hogs were liable for the filing of re-

turns and payment of taxes. Appellant thereupon filed a claim for refund, which was not met, and this action was started after a lapse of six months. Rev.Stat. § 3226, 26 U.S.C.A. §§ 1672–1673.

On January 6, 1936, the Agricultural Adjustment Act, 48 Stat. 31, 7 U.S.C.A. § 601 et seq., was held to be unconstitutional. United States v. Butler, 297 U.S. 1, 56 S. Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914. Refunding of taxes paid under this law was provided for by the Revenue Act of 1936, Title VII, § 905, 7 U.S.C.A. § 647. In this action, appellant maintains that the provisions of the Revenue Act of 1936 do not apply because this is not a suit to recover taxes which were levied or purported to be levied under the Agricultural Adjustment Act but rather to recover an amount which the appellant would have been entitled to recover even had the Act been declared constitutional, since the Act did not entitle appellee to any tax whatever.

The Revenue Act of 1936, § 905, 7 U.S. C.A. § 647, provides: "Concurrent with the Court of Claims, the District Court of the United States (except as provided in section 906 [section 648] of this title) shall have jurisdiction of cases to which this title applies, regardless of the amount in controversy, if such district courts would have had jurisdiction of such cases but for limitations under the Judicial Code, as amended (see Title 28), on jurisdiction of such courts based upon the amount in controversy. * * *"

Title VII, section 902 et seq., of the Revenue Act of 1936, 7 U.S.C.A. § 644 et seq., became effective June 22, 1936 and provided an exclusive procedure for recovery of amounts paid as taxes under the Agricultural Adjustment Act and removed the jurisdiction from the district court. Section 903, 7 U.S.C.A. § 645, provides that no refund shall be made or allowed of any amount paid as tax under the Act unless after the enactment of Title VII and prior to July 1, 1937, a claim for refund has been filed in accordance with the regulations prescribed by the Commissioner. Section 904, 7 U.S.C.A. § 646, provides that no suit or proceeding, whether brought before or after the date of the enactment of Title VII, may be maintained in any court for the recovery of any amount paid by, or collected from, any person as tax (except processing taxes, as defined in the Act) under the Agricultural Adjustment Act, before the expiration of 18 months from the date of the filing of a claim therefor, unless within that time the Commissioner renders a decision thereon or after the expiration of 2 years from the date of mailing by registered mail by the Commissioner to the claimant a notice of disallowance of that part of the claim to which the suit or proceeding relates. A special and exclusive administrative procedure is provided with respect to claims for refunds of processing taxes, and suits for their recovery are forbidden (§§ 906, 909, 7 U.S.C.A. §§ 648, 651). This administrative procedure contemplates a review of the Commissioner's allowance or disallowance of a claim for refund by a Board of Review composed of officials or employees of the Treasury Department. Ample opportunity for a fair hearing is given applicants, including notice, representation by counsel, examination of witnesses under oath, production of documents and submission of briefs; the rules of evidence applicable to courts of equity guide the admissibility of evidence before the Board. Decisions of the Board are subject to review by appeal to the Circuit Court of Appeals or the Court of Appeals of the District of Columbia. Section 910, 7 U.S.C.A. § 652, provides that no collector of internal revenue shall in any way be liable to any person for any act by him in the assessment or collection of any amount as tax under the Agricultural Adjustment Act, or for the recovery of money exacted by or paid to him in the performance of his official duties under the provisions of that act. An attack made upon the constitutionality of Title VII failed. Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143.

█ Judgment was entered here on a motion made upon the pleadings to dismiss the bill. The complaint shows that the suit is brought for the recovery of amounts collected as processing taxes and this is barred by § 906 of the Act forbidding the maintenance of such a suit in any court, whether brought before or after the date of the enactment of the Revenue Act of 1936 (§ 904). The argument that § 906 by its terms is limited in application to the amounts paid or collected as processing taxes as defined in the Act cannot succeed for the reason asserted by appellant that it was not liable to the tax under the Act. A processing tax is defined in § 913(b), 7 U.S.C.A. § 655(b), as "any tax or exaction denominated a 'processing tax' under the Agricultural Adjustment Act [this chapter] * * *."

This includes every amount which has been denominated a processing tax at the time it was demanded and paid. This complaint shows that the amount sought to be recovered was paid as processing taxes. Appellant alleges that it filed its returns as a processer of hogs and paid the amounts here sought to be recovered. The claim for refund is entitled "as claim under Agricultural Adjustment Act" and describes the tax sought to be refunded as "processing tax on hogs".

Since the amount sought to be recovered was paid by appellant as taxes under the Agricultural Adjustment Act, recovery must be pursued as provided by Title VII of the Revenue Act of 1936; that statute is exclusive and forbids suits for the recovery of such taxes as not within the jurisdiction of the district court.

Judgment affirmed.