## Martin, Com'r of Revenue, et al. v. Dixie Ice Cream Co.

Nov. 3, 1939.

Hubert Meredith, Attorney General, and J. W. Jones, Assistant Attorney General, for appellants.

Stoll, Muir, Townsend & Park and Wilson & Harbison for appellee.

Allen, Duncan & Duncan for intervenor Swift & Co.

Frank E. Daugherty for intervenor Ewing Von Allmen Co.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This action was filed by the appellee, Dixie Ice Cream Company, suing on behalf of itself and others similarly situated who might intervene, against James W. Martin, Commissioner of Revenue, and James W. Martin and Emory Dent, members of and constituting the Department of Revenue of the Commonwealth of Kentucky, seeking a declaration of rights with reference to the constitutionality of Chapter 3 of the Acts of the Third Extra Session of the General Assembly in 1936, compiled as Kentucky Statutes, Section 4281d-1 to 4281d-25. This was the act imposing the tax commonly known as the ice cream tax.

In addition to the declaration of rights sought as to the constitutionality of the tax, the petition sought the right on the part of the plaintiff and others who might intervene to pay into court the amount of taxes due under this act pending the final determination so that no penalty might be assessed on the amount of taxes due in the event the act was held to be constitutional.

Several days after the action was filed an order was entered permitting payment into court by the plaintiff and other similarly situated who might intervene of the amount of their respective taxes as they became due, the order providing that on payment into the court no penalty should be imposed upon the taxpayers or attached to such taxes. The order appointed John E. Buckingham, State Treasurer, and Kelly C. Smither, Franklin Circuit Clerk, receivers to collect, receive and hold the tax subject to orders of court but these gentlemen were named in their individual and not in their official capacities.

Pursuant to the order, the plaintiff and other ice cream manufacturers who intervened in the action made payments to the receivers of taxes as they accrued so

that an aggregate fund of approximately $60,000 was accumulated.

The act concerning which a declaration of rights was sought was held unconstitutional in Martin, Commissioner of Revenue et al. v. Nocero Ice Cream Company et al., 269 Ky. 151, 106 S. W. (2d) 64, and in Shannon, Auditor of Public Accounts, v. Hughes & Company, 270 Ky. 530, 109 S. W. (2d) 1174. In the latter case it was held that the sellers of ice cream who paid the tax into the State Treasury could not recover taxes paid in by them where they had made collections from their customers of the amount of taxes due.

After the decisions in the Nocero and Hughes cases, the plaintiffs in this action filed amended and supplemental petitions setting out the aggregate payments made to the receiver and alleging that no amount was charged to or collected from their vendees as a tax on the sales to such vendees. The allegations of fact contained in the amended and supplemental petition, however, contradicted the legal conclusions alleged and were sufficient to show that the plaintiff and intervenors had collected the tax from their vendees.

The appellant demurred to the petition as amended. The demurrer was overruled and appellants declining to plead further, judgment was entered directing payment to the plaintiff and the intervenors of the respective amounts paid into court by them. This appeal is from that judgment.

We do not understand that the appellants contend that the commonwealth could sue and recover from appellees the amount of this invalid tax even though the appellees had collected it from customers. It is appellants' contention that the payment of this money into court was equivalent to a payment of the tax to the state and that as the tax was passed on to the consumer the appellees were not entitled to have it paid over to them by reason of the decision in the Hughes case above mentioned. The foundation on which this contention of appellants rests is that Section 4281d-21, Kentucky Statutes, a part of the act in controversy, provided that no suit should be maintained to restrain or delay the collection of the tax but that the taxpayer should pay the tax under protest and bring an action for its recovery. It is argued in appellants' behalf that to hold that

the payment of the money by the appellees to the receivers did not constitute a payment of the taxes to the state would amount to an approval of the granting of an injunction by the lower court to restrain the collection of the taxes contrary to the provisions of the Statutes.

The weakness of appellants' position is that if the order of court permitting the payment of the taxes into court and providing that no penalty should attach thereto was in effect an injunction, the appellants sat idly by and permitted the injunction to remain in effect without taking any steps toward having it dissolved. If it was an injunction, and if the injunction was erroneously granted, appellants had an adequate remedy to deprive the plaintiffs of the advantage gained by it by making a motion before a judge of this court to dissolve it. By failing to make such a motion the plaintiffs were permitted to retain whatever advantage was given them by the order and no payment of the taxes was ever made to the state.

In Rickert Rice Mills, Incorporated, v. Fontenot, Collector of Internal Revenue, 297 U. S. 110, 56 S. Ct. 374, 80 L. Ed. 513, the Rickert Company had obtained in the Supreme Court a writ of certiorari restraining collection of processing taxes due under the Agricultural Adjustment Act, 7 U. S. C. A., Section 601 et seq., pending decision of the constitutionality of the act. In United States v. Butler, 297 U. S. 1, 56 S. Ct. 312, 80 L. Ed. 477, 102 A. L. R. 914, it was held that the processing taxes imposed by that act were unconstitutional. The Supreme Court, after the decision in the Butler case, ordered the taxes paid into court refunded to the Rickert Company, the court saying [297 U. S. 110, 56 S. Ct. 375, 80 L. Ed. 513]:

> "As yet the petitioner has not paid the taxes to respondent, and, in view of the decision in the Butler case, hereafter cannot be required so to do. If the respondent should now attempt to collect the tax by distraint, he would be a trespasser."

The decision in that case is peculiarly applicable here because ordinarily no injunction is granted in the Federal Courts to restrain or enjoin the collection of a tax. The writ restraining the collection was granted in that case on account of provisions of the act making it impossible to recover taxes collected under it, even

though it were unconstitutional, by reason of the fact that the act forbade recovery except upon a showing of facts not susceptible of proof. The decision also is a direct holding that payment of the taxes into court was not a payment to the collector, even though the taxes were deposited in court to the joint credit of the petitioner and collector.

In State of Montana v. Sunburst Refining Company, 76 Mont. 472, 248 P. 186, 187, 47 A. L. R. 969 (petition for writ of certiorari denied, 273 U. S. 722, 47 S. Ct. 112, 71 L. Ed. 859), the state brought an action against the Refining Company to recover the amount of taxes claimed to be due from distributors of gasoline collected by them under an act which had been held to be unconstitutional. The state took the position that, by the collection of these taxes, the distributor had become a trustee of the state for the amount so collected and was estopped thereby from questioning the state's rights to recover the taxes. This contention was denied, the court saying:

> "The rule invoked has no application to the facts alleged. The law does not impose any tax upon the consumer, although in practice it may be that the distributor or dealer passes it on to him by advancing the price of the product sold. The law did not constitute the defendant an officer or agent to collect a tax from its customers."

In Henry County v. Standard Oil Company, 167 Tenn. 485, 71 S. W. (2d) 683, 93 A. L. R. 1483 (Supreme Court of Tennessee) the county trustee sued the Standard Oil Company to recover taxes on gasoline collected by it under an unconstitutional act. The same contention was made as was made in State of Montana v. Sunburst Refining Company, supra, and the contention denied, the court pointing out that there was no estoppel as against the Company and that estoppel can never create a right although it may be urged for the protection of a right.

In the instant case the appellees merely increased the price of their ice cream a sufficient amount to take care of the taxes imposed by the unconstitutional act. They did not under the act become agents of the state to collect a tax—the tax was imposed on them. By increasing the price of their ice cream sufficiently to take care of the tax they did not thereby become agents of the

state for the collection of the tax, and are not estopped to claim now that the tax was unconstitutional. The payment into court was in no sense a payment of the taxes to the state, but was their money paid into court pending a judicial determination of the constitutionality of the act. The trial court was correct in ordering the money repaid to them.

Judgment affirmed.