DEPENDABLE PACKING CO., A PARTNERSHIP, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DEPENDABLE PACKING AND PROVISION CO., AN ILLINOIS CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 442 P. T. and 443 P. T.   Promulgated March 31, 1943.

*W. R. Brown, Esq.*, for the petitioners.
*W. V. Crosswhite, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner filed a motion with the United States Processing Tax Board of Review to dismiss these proceedings for lack of jurisdiction. The reason stated is a showing on the face of each petition that the petitioner was not a first processor of hogs, was not liable for the processing taxes but voluntarily paid the taxes of another, and, therefore, had no standing before the Board in a suit for refund. We may assume, for the purpose of this motion, the truth of the facts alleged in the petition, that is, that each petitioner filed monthly returns as a processor of hogs although all of its hogs were actually slaughtered by the Empire Packing Co.; the taxes were assessed against the petitioners on the basis of the returns; and the taxes assessed on the returns were paid by the petitioners to the collector as processing taxes.

The Commissioner relies particularly on the case of *Fuhrman & Forster Co.* v. *Commissioner*, 114 Fed. (2d) 863; certiorari denied, 312 U. S. 686. The petitioner in that case was not a first processor of hogs, the first processor there being the Burnette company which slaughtered the hogs for the petitioner. The petitioner, however, paid the taxes for the Burnette company. The first payments were

made directly to the collector, but they were later returned to the petitioner, turned over to Burnette, and paid by Burnette to the collector. Subsequent payments, except a July payment, were made by the petitioner to Burnette and by Burnette to the collector. Apparently, all of the returns were filed by Burnette and the taxes were assessed on those returns against Burnette. At least it does not appear that the collector ever retained taxes paid directly by Fuhrman & Forster upon a return filed by it reporting that it was itself liable as a first processor of hogs. The court sustained the Board of Review in dismissing the petition of Fuhrman & Forster.

The present case is distinguishable. Here each petitioner filed the returns as if it were a first processor liable for the tax, the tax was assessed against the petitioner on the basis of those returns as if it were liable as a processor, and the petitioner paid the tax called for on those returns as its own tax. The petitioner did not pay taxes of or for another.

The case of *Trunz Pork Stores, Inc.* v. *Rasquin*, 100 Fed. (2d) 399, presents a set of facts similar to those in the present case. The Trunz Pork Stores sued in the District Court for a refund of the tax on the ground that it was not a first processor, owed no tax, and had paid the tax under a misapprehension of its liability. It had its hogs slaughtered by another. The United States Circuit Court of Appeals for the Second Circuit held that suit in the District Court was improper and that the Trunz Pork Stores should have filed a petition with the Processing Tax Board of Review. Here, under similar circumstances, the petitioner has filed a petition with the Processing Tax Board of Review. Some tribunal must have jurisdiction in such cases.

The statute provided that rejected claims for refunds by taxpayers who paid processing taxes upon the processing of commodities used in their own business should be reviewed exclusively by the Board of Review and not by the courts. Sec. 906, Revenue Act of 1936. The statute refers to "any amount paid or collected as processing tax." These taxes were paid by the petitioner upon the theory that they were for the processing by the petitioner of commodities used in its own business and not upon the theory that the petitioner was processing commodities for customers for a charge or fee. They were paid by the petitioner and collected by the collector as processing tax, despite the fact that they may have been paid and collected erroneously. It thus appears that the grounds urged by the Commissioner for dismissal are not supported by the act or authorities and his motion must be denied.