## HONORBILT PRODUCTS, Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7522.

Circuit Court of Appeals, Third Circuit.

April 30, 1941.

Bernard Eskin, of Philadelphia, Pa. (George J. Schorr and Wolf, Block, Schorr & Solis-Cohen, all of Philadelphia, Pa., on the brief), for petitioner.

F. E. Youngman, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

BIGGS, Circuit Judge.

The petitioner seeks to recover the sum of $1,054.47 paid under the Agricultural Adjustment Act, c. 25, 48 Stat. 31, 7 U.S. C.A. § 601 et seq., upon the first domestic processing of cotton and brought a proceeding to the United States Processing Tax Board of Review upon the Commissioner's disallowance of the claim for refund. Section 901 of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 7 U.S.C.A. § 623 note, repealed those portions of the Agricultural Adjustment Act relating to the processing taxes, following the decision of the Supreme Court in United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914. Section 902(a), 7 U.S.C.A. § 644(a), provides that: "No refund shall be made or allowed * * * of any amount paid by or collected from any claimant as tax under the Agricultural Act [this chapter], unless the claimant establishes to the satisfaction of the Commissioner * * * or to the satisfaction of the trial court, or the Board of Review * * * (a) That he bore the burden of such amount and has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly, * * *." The Commissioner rejected the claim, finding that the petitioner had not proved that it had borne the burden of the processing taxes covered by its claim. The Board of Review affirmed the Commissioner and a petition for review was filed in this court pursuant to the provisions of Section 906(g) of the pertinent revenue act 7 U.S. C.A. § 648(g). The testimony before the Board of Review was not included in the original record filed in this court. It has now been certified, however, and is part of the record before us.

The facts are as follows. The petitioner, Honorbilt, manufactures a mattress advertised and sold under the trade name of "Perfect Sleeper". The only raw (taxable) cotton used by Honorbilt in the year 1933, with negligible exceptions, was used in these mattresses in filling a government contract which specified the use of 25%

raw cotton. Approximately sixteen pounds of raw cotton went into the manufacture of each "Perfect Sleeper" mattress and this cotton represented approximately 10% of the total cost of the raw materials entering into the manufacture of each mattress. The rate of tax per pound of cotton processed, in the period August to December 1933, inclusive, was 4.2 cents. Honorbilt began manufacturing the "Perfect Sleeper" mattress in the latter part of 1929 or the early part of 1930. At this time the wholesale price was twenty to twenty-one dollars for each mattress. In 1932 the petitioner lowered the wholesale price of the "Perfect Sleeper" to eighteen dollars and in June or July, 1933, raised it again to twenty dollars per mattress. The president of Honorbilt testified that the price of the "Perfect Sleeper" mattress was controlled by the price of the "Beauty Rest" mattress which was manufactured by the Simmons Mattress Company and was sold in the same price range as the "Perfect Sleeper" in competition with it. The witness also testified that the only other factor taken into consideration in putting a price upon the "Perfect Sleeper" was the manufacturing cost, including the market price of the materials. He stated specifically that the processing tax was not considered and was not a factor in fixing the amount of his company's bid to the United States.

There can be no question of the power of Congress to limit refunds of taxes illegally collected to the amount of the tax burden borne by the taxpayer. Anniston Manufacturing Company v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143; United States v. Jefferson Electric Co., 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859. We also entertain no doubt that the question of whether a taxpayer bore the burden of the tax within the terms of the statute is primarily a question of fact to be determined, first, by the Commissioner, and second, by the Board of Review. Section 906(g) which grants authority to this court to review the decisions of the Board of Review, states that the circuit courts of appeals " * * * shall have exclusive jurisdiction to affirm the decision of the Board, or to modify or reverse such decision, if it is not in accordance with law, with or without remanding the cause for a rehearing, as justice may require." The power of this court to review the decisions of the Board of Review is substantially similar to the authority granted to us to review decisions of the United States Board of Tax Appeals by Section 1141 of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, 1141. Cf. Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918; Helvering v. Kehoe, 309 U.S. 277, 60 S.Ct. 549, 84 L.Ed. 751. It follows therefore that a conclusion by the Board of Review which is supported by substantial evidence is binding upon us and that we may not substitute our judgment upon the facts for the decision of the Board.

In our opinion the Board of Review had before it substantial evidence on which to base its decision that the taxpayer had not borne the burden of the tax. The petitioner's increase of price of the "Perfect Sleeper" mattress from eighteen to twenty dollars went into effect concurrently with the imposition of the processing tax. The tax amounted to about 67.2 cents for each mattress or about one-third of the price increase of two dollars. The increase was more than sufficient to take care of the tax and there is nothing in the record to show that the increase in price was due to any increase in the cost of raw materials, of labor or of manufacture generally. The testimony of the petitioner's president is simply that the price was increased because the Simmons Mattress Company raised the price of its competing mattress. Whether the petitioner intended it or not, the burden of the tax was not borne by it, but was borne by the purchaser of its mattresses who paid the increased price. In our opinion the motive for the increase in price is immaterial and it makes no difference that Honorbilt's president testified that processing taxes were not taken into consideration in fixing the price per mattress.

The case at bar is closely analogous to Luzier's, Inc. v. Nee, 8 Cir., 106 F.2d 130, 135, certiorari denied 309 U.S. 660, 60 S.Ct. 514, 84 L.Ed. 1008. In that case manufacturers' excise taxes imposed under the Revenue Act of 1932, c. 209, 47 Stat. 169 (which contained a limitation[1] upon refund of taxes erroneously or illegally collected thereunder similar to Section 902 of the Revenue Act of 1936) were under consideration. When the tax was imposed the Luzier's, Inc. added to retail prices of all orders a flat charge of 10% intended to

[1] See Subdivision (d) Section 621 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 621.

cover items of additional cost and expenses in addition to the tax. The 10% charge which the taxpayer had thus collected was sufficient to cover the amount of the additional tax but was insufficient to cover the tax and the items of increased cost. The Circuit Court of Appeals of the Eighth Circuit held that the motive for the increase was immaterial and since the amount collected was sufficient to reimburse the company for taxes, it could not recover the amount of the taxes illegally assessed. The case at bar is more strongly in favor of the Commissioner than the case cited, for in the instant case there is no showing whatsoever that the increase in price was for any purpose than to take advantage of a more favorable market.

Accordingly the decision of the United States Processing Tax Board of Review is affirmed.