## H. T. POINDEXTER & SONS MERCHANDISE CO. v. UNITED STATES.

### No. 807.

District Court, W. D. Missouri, W. D.

Sept. 18, 1941.

Meredith M. Daubin, of Washington, D. C., and William G. Holt, of Kansas City, Mo., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to Atty. Gen., and Maurice M. Milligan, U. S. Dist. Atty., and Charles F. Lamkin, Jr., Asst. U. S. Dist. Atty., both of Kansas City, Mo., for defendant.

REEVES, District Judge.

This is a suit for the sum of $44,926.22, under the Revenue Act of 1936, which provides for the recovery of a floor-stocks tax exacted under the Agricultural Adjustment Act.

By the Agricultural Adjustment Act such tax was imposed upon merchandise manufactured in whole or in part from cotton. The Act was held unconstitutional in United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914,

and those who had paid the tax became entitled to have same refunded. However, for the purpose of preventing undue enrichment, the Revenue Act of 1936 contained the following:

· "Sec. 902 [§ 644]. Conditions on allowance of refunds.

"No refund shall be made or allowed, in pursuance of court decisions or otherwise, of any amount paid by or collected from any claimant as tax under the Agricultural Adjustment Act [this chapter], unless the claimant establishes to the satisfaction of the Commissioner in accordance with regulations prescribed by him, with the approval of the Secretary, or to the satisfaction of the trial court, or the Board of Review in cases provided for under Section 906 [section 648 of this title], as the case may be—

"(a) That he bore the burden of such amount and has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly, (1) through inclusion of such amount by the claimant, or by any person directly or indirectly under his control, or having control over him, or subject to the same common control, in the price of any article with respect to which a tax was imposed under the provisions of such Act [this chapter], or in the price of any article processed from any commodity with respect to which a tax was imposed under such Act [this chapter], or in any charge or fee for services or processing; (2) through reduction of the price paid for any such commodity; or (3) in any manner whatsoever; and that no understanding or agreement, written or oral, exists whereby he may be relieved of the burden of such amount, be reimbursed therefor, or may shift the burden thereof; or

"(b) That he has repaid unconditionally such amount to his vendee (1) who bore the burden thereof, (2) who has not been relieved thereof nor reimbursed therefor, nor shifted such burden, directly or indirectly, and (3) who is not entitled to receive any reimbursement therefor from any other source, or to be relieved of such burden in any manner whatsoever." U.S. C.A., Title 7, § 644.

■ By this Act the burden was placed upon the taxpayer to show that the tax had not only been paid but the burden thereof had not been shifted by him or it directly or indirectly. The plaintiff, asserting that it had not shifted the burden of the tax, economic or otherwise, has brought this suit to recover.

The complaint contains an averment that plaintiff paid the floor-stocks tax as follows:

| | |
|---|---|
| "August 31, 1933 | $ 5,000.00 |
| September 30, 1933 | 5,000.00 |
| October 30, 1933 | 10,000.00 |
| February 17, 1934 | 24,976.22 |
| Total | $44,976.22" |

The Agricultural Adjustment Act was approved May 12, 1933, and the tax was levied or assessed as of August 1, 1933. When the tax was paid the plaintiff advertised to and directly advised its customers that the burden of the tax would be borne by plaintiff and that in no case would its customers be called upon to assume any of the burdens of such tax. It is thus alleged by plaintiff that: "Salaries and overhead expenses, resulting from National Recovery Administration compliance and otherwise incurred and paid by the plaintiff in the marketing and disposition of its merchandise, from July, 1933, to and including December 1933, exceed and were increased over a like period in the year 1932 by an amount of, to wit $29,896.19." There were further averments wherein the plaintiff specifically asserted that it had carried the economic burden of the tax and that it had not been "reimbursed therefor nor shifted such burden, directly or indirectly, (1) through inclusion of such amount by plaintiff, or by any person directly or indirectly under its control, or having control over it, or subject to the same common control, in the price of any article with respect to which said alleged tax was imposed under the provisions of said Act, (2) through reduction of the price paid for any such commodity or (3) in any manner whatsoever; and no understanding or agreement, written or oral, exists whereby plaintiff may be relieved of the burden of such amount, be reimbursed therefor or may shift the burden thereof."

There are allegations to the effect that the plaintiff had complied with the Revenue Act and other appropriate procedural requirements in making claim for a refund of the amount thus exacted.

The defendant categorically denies the averments of the complaint and otherwise puts the plaintiff upon its proof.

Plaintiff filed a motion for judgment on the pleadings under Rule of Civil Procedure No. 56, 28 U.S.C.A. following section 723c. With its motion for judgment on the pleadings it filed and served upon the defendant supporting affidavits.

The defendant, upon the pleadings and the supporting affidavits, filed a like motion for judgment on the pleadings.

The only question presented is whether the plaintiff bore the burden of the tax. If it did, it is entitled to recover, otherwise, it is not.

The affidavits and documents appended thereto show:

(a) That the plaintiff advertised to its customers that it would not shift the burden of the tax to them, and that the several departments of plaintiff as a wholesaler were directed to avoid imposing upon the purchasers any part of such tax.

(b) These affidavits and attached documents further show that in the months of June and July, 1933, the plaintiff, because of pressing obligations, disposed of its merchandise upon a below-market basis. By this method it converted much of its assets into cash in order to discharge or liquidate long pending and probably overdue bank obligations.

(c) The tax was imposed as of August 1, 1933, and the affidavits show that the overhead expenses had considerably increased, and moreover that plaintiff was confronted with a considerable loss in the way of bad debts.

(d) It further appeared from the affidavits and attached documents that there was a general rise in merchandise with a cotton content, and that the increase in prices marked by the plaintiff upon its merchandise was to conform in part to such general increase.

Other facts will be stated as they become pertinent in the course of this memorandum opinion.

■ 1. This is in its nature an action in assumpsit and as repeatedly stated by the courts: "The general rule in suits brought against Collectors of Internal Revenue for the recovery of taxes paid and claimed to have been illegally exacted is laid down as one in the nature of an action in assumpsit for money had and received, embodying the principle in equity that the money sought to be recovered in good conscience should be paid over to the plaintiff." See Luzier's Inc., v. Nee, 8 Cir., 106 F.2d 130, 133; United States v. Jefferson Electric Manufacturing Company, 291 U.S. 386, 54 S.Ct. 443, 78 L.Ed. 859.

■ It is further the law that in actions of assumpsit the general rule concerning evidence in civil actions apply. 7 C.J.S., Assumpsit, Action of, § 28, p. 133. This reference is made for the reason that it is contended here by the government that it is immaterial what the intention of the plaintiff was with respect to the burden of the tax and that even the statement that the tax was not shifted is immaterial.

2. The evidence was that the plaintiff had increased its invoice as of August 1, 1933, the date the tax became effective, for the following reasons:

(1) Its merchandise had been marked down low because of an emergency during the months of June and July, 1933;

(2) Because there was an increased cost of doing business ascribable to recent legislation by the Congress and that this added cost aggregated slightly below $30,000;

(3) That because of conditions there was an enforced increase in the market price of cotton content merchandise; and,

(4) Because of a heavy increase in bad debts.

These were the factors urged by the plaintiff as a reason for the increase in its prices and that in no way was such increase influenced by the tax burden which the plaintiff had indicated its purpose to absorb.

3. In the case of Honorbilt Products, Inc., v. Commissioner of Internal Revenue, 119 F.2d 797, the Court of Appeals, Third Circuit, considered an identical situation. In that case the plaintiff had increased the price of its "Perfect Sleeper" mattress from $18 to $20 concurrently with the effective date of the tax. Concerning this, the court said, loc. cit. 798 of 119 F.2d: "The increase was more than sufficient to take care of the tax and *there is nothing in the record to show that the increase in price was due to any increase in the cost of raw materials, of labor or of manufacture generally.* The testimony of the petitioner's president is simply that the price was increased because the Simmons Mat-

tress Company raised the price of its competing mattress." Thereupon the court said: "Whether the petitioner intended it or not, the burden of the tax was not borne by it, but was borne by the purchaser of its mattresses who paid the increased price." It was under these circumstances that the court further said: "In our opinion the motive for the increase in price is immaterial and it makes no difference that Honorbilt's president testified that processing taxes were not taken into consideration in fixing the price per mattress."

The conditions are far different in this case. The plaintiff has established by affidavit, the truth of which is admitted by the defendant, that its increased prices were due to a change from a subnormal price to a normal price and to meet the increased cost of doing business brought on by complex legislation and because of the general increase in the market price of cotton content merchandise and because of bad debts.

In the case of Luzier's Inc., v. Nee, supra, the Circuit Court of Appeals, in affirming the trial court, referred significantly to the evidence showing the following:

| | |
|---|---|
| "Increased cost of postage.. | $ 62,578.63 |
| Increased cost of wrapping and packing............. | 13,490.88 |
| Increased cost of salaries by reason of shorter work day | 47,097.74 |
| Increased cost of merchandise and freight......... | 45,897.98 |
| Increase in income tax payments ................. | 16,157.23 |
| Making a total, covering the increased cost of the foregoing items, of.......... | $185,222.46." |

The court then said:

"Suffice it to say we must assume that the trial court considered the evidence with reference to the claimed apportionment of the amounts resulting from the service charge to these claimed items of expense. * * *

"It must be borne in mind that the court below was exercising the functions of a jury, and its findings are of the same force and effect as though the same were embodied in a jury's special verdict, * * *."

The identical question was presented in the District Court for the District of Maryland, in Hutzler Bros. Co. v. United States, 33 F.Supp. 801, 803. Note this language: "If the taxpayer in the present case had simply denied, categorically, in the language of the act, that he had passed the burden on, or that he had been relieved of it, or that he had been reimbursed for it, the situation would, of course, be clearly different; *but where, as the court finds in the present case, there has been an honest effort to explain the position of the taxpayer, and where the oral statements under oath, as well as the written accounting testimony of the taxpayer, contradict any real relationship between the tax and the price increases, that is, indicate that the floor stocks tax was never, in any sense, a factor in determining the sales prices of the various articles, the burden of the statute has been adequately met.*"

That is the precise situation in this case, and therefore the plaintiff has met its burden and is entitled to recover. Accordingly, judgment for the plaintiff will be entered, and counsel for plaintiff will prepare and submit an appropriate journal entry.