## I. L. WALKER TOBACCO CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8947.

Circuit Court of Appeals, Sixth Circuit.
June 29, 1942.

Charles I. Dawson, of Louisville, Ky. (Chas. I. Dawson and Woodward, Dawson & Hobson, all of Louisville, Ky., and Alex Howard, of Covington, Ky., on the brief), for petitioner.

Harry Marselli, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and F. E. Youngman, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

Petition to review an order of the Processing Tax Board of Review denying refund of any part of the processing taxes paid by petitioner under the first Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq. The taxing provisions of this Act and of the amendatory Act of August 24, 1935, were held unconstitutional. See United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914; and Rickert Rice Mills v. Fontenot, 297 U.S. 110, 56 S.Ct. 374, 80 L.Ed. 513. Following these decisions, Congress enacted the Revenue Act of 1936, Sec. 902, whereof, 7 U.S.C.A. § 644, authorized a refund of taxes collected under the unconstitutional Act. The authorization was subject, however, to certain stringent conditions and limitations. The claimant for refund was required to establish to the satisfaction of the Board of Review that he

had borne the burden of the tax and had not been relieved thereof nor reimbursed therefor nor shifted the burden to others either directly or indirectly (1) through the inclusion of such amount in the price of any article in respect to which the tax was imposed; (2) through reduction in the price paid for such commodity; or (3) in any manner whatsoever.

The claimant was, however, relieved somewhat from this severe burden of proof by the provisions of Sec. 907 of the Act, 7 U.S.C.A. § 649, which established, under certain conditions, a presumption or prima facie case that claimant had borne the tax, with the burden of rebuttal upon the Government. This section, however, under other conditions, created a presumption or prima facie case that the claimant had shifted the tax and the burden was then upon the claimant to refute such presumption or prima facie case.

These presumptions derived from a comparison, for the tax period, of certain relationships of cost and gross sale (called the "margin") with the margin for a base period, which in the case of tobacco, comprised the twelve months immediately preceding the effective date of the processing tax and the six months from February through July 1936 following.

Petitioner was a manufacturer of smoking and chewing tobaccos. It processed nine brands. Six were produced from burley tobaccos bought at the regular auctions, and three came from scrap tobaccos, such as cigar cuttings, etc., purchased from eastern manufacturers. During the tax period, which ran from October 1, 1933, to November 30, 1935, petitioner paid under the unconstitutional A. A. A. processing taxes in the amount of $9,789.62.

Petitioner did not claim refund for the full amount of the tax paid because, concededly, it had shifted the tax as to the three brands manufactured from scrap and as to one brand manufactured from burley, by reducing the content of tobacco in the finished package without reducing the sales price. It insisted that the amount so shifted was $1,514.21, determined by the saving of the cost of raw materials not used, including tobacco, casing material, etc. The Board claimed that the sum so shifted was $2,535.01 on the theory that a reduction in content without a reduction in price increased the value per pound in the finished product and that the shift must be determined by multiplying the increment

of increase per pound by the number of pounds sold. The amount of tax under review herein is arrived at by subtracting the amount of tax shifted from the total paid. Under petitioner's theory this amount was $8,155.51, and under the Board's, it was $7,254.61.

■ We think the Board's view is the sounder one. The saving resulting from the reduction of content does not end with the cost of the materials withheld. If a lesser volume of raw materials was used, labor, overhead, etc., would also be saved and these items are elements of cost, but would not be reached under petitioner's theory. The claim for refund must be limited to $7,254.61.

■ The principal question is, whether petitioner has satisfactorily established that it actually bore the burden of the tax paid upon the remaining five brands, the "margin" comparison being unfavorable to it. Under Sec. 907, 7 U.S.C.A. § 649, the per pound margin was obtained for the comparative periods by subtracting the cost of the commodity processed from its gross sale value and dividing the remainder by the number of pounds of commodity processed. In the tax period the tax paid was included as an element of cost. If the margin of the tax period was lower than that for the base period, the presumption was that claimant bore the tax with the burden upon the Government to refute the presumption by proof; but if the margin for the tax period was higher, the presumption was that the claimant shifted and the burden was cast upon claimant to negative this presumption.

The tables from petitioner's Exhibit #3 [1] gave the total number of pounds processed for all nine brands with gross sales, values, etc., for both the Tax and Base periods and illustrate how the margins were obtained and how the margin per pound for the tax period was higher by .0129 than the margin for the base period, resulting in a presumption unfavorable to petitioner.

Sec. 907(e) of the Act, Title 7, Sec. 649 (e) directs that the claimant may rebut the presumption by proof of "the actual extent to which the claimant shifted to others the burden of the processing tax" and that such proof may be included but shall not be limited to proof that the margin differences were "due to changes in factors other than the tax."

Petitioner introduced proof to meet the presumption against it. This proof is embodied in the Board's findings, of which numbers 4, 5, 10, 13 and 14 are relevant. These findings are almost identical with the findings of the Presiding Officer who conducted a preliminary hearing and recommended a refund of $7,254.61. A summary of petitioner's rebuttal evidence is found in Finding 14.[2] This finding also

---

[1] "Tax period.

Total pounds of commodity processed ........................................304,813
Gross sales value ...............................................................$226,892.03
Cost of commodity processed including transportation ..........$45,711.60
Processing tax ............................................. 9,789.52    55,501.22

    Gross margin ...........................................................$171,390.81
Margin per pound ...........................$171,390.81
divided by 304,813 lbs. equals.................... .56228

Base Period.

Total pounds of commodity processed ....................................216,569
Gross sales value ...............................................................$152,855.10
Cost of commodity processed, including transportation ..................... 33,874.31

    Gross margin ...........................................................$118,980.79
Margin per pound, $118,980.79
divided by 216,569 lbs. 3/4 .54938.
Excess of margin per pound in tax period over margin per pound in base
period, = .56228 — .54938, equals .0129."

[2] "14. The petitioner did not bill, nor cause its customers, nor anyone else, to be billed, nor collect any part of the processing tax paid by it as a separate item, nor did it have any agreement, written or oral, express or implied, that its customers, or anyone else, would pay any portion of such tax, or reimburse it therefor, nor that, if any portion of the tax was recovered, it would be refunded to its customers, or anyone else, nor has it ever attempted, in the purchase of tobacco, to cause the burden of the processing tax to be shifted to its vendors thereof by the reduction of the purchase price."

embodies the substance of what petitioner's counsel proposed to establish before the Presiding Officer and the record indicates that this proposal seemed to satisfy that official as to the issues. Nevertheless, the Board found that "none of the burden of the processing tax was borne by petitioner and the entire amount of such tax was shifted to others." It said, "The record is barren of proof that the difference between the average margin for the tax period and the average margin for the period before and after the tax was due to factors other than the tax, and we are, therefore, compelled to hold that petitioner has failed to rebut the statutory presumption."

■ The burden of proof placed upon petitioner by Sec. 902 of the Act is an onerous one. It is required to show that the Government holds money which belongs to it. Anniston Mfg. Co. v. Davis, 301 U.S. 337, 350, 57 S.Ct. 816, 81 L.Ed. 1143. This showing is not conclusively made by proof that it did not shift the tax in certain ways. That it did not shift the tax in these ways must be taken as true, but it does not follow therefrom that it did not shift the tax "in any manner whatsoever," within the meaning of Sec. 902. The petitioner's proof was not as comprehensive as it might have been upon matters within its knowledge. As an illustration, it might have shown whether it salvaged the tax by savings in labor cost. Andrew Jergens Co. v. Conner, 6 Cir., 125 F.2d 686, 689. This one illustration is suggestive of others.

Petitioner, however, contends that to require it to account for every possible basis for the marginal difference, other than the tax, imposed upon it a burden so severe as to be unconstitutional. We do not feel required to go into that question for we think that the case must be reversed upon other grounds.

The record discloses what we regard as an error of law.

■ The calculations in Exhibit 3, from which the presumption against petitioner was derived, were faulty. They treated, as one, two basically different commodities, the burley and scrap. This is without sanction except where several commodities are combined during processing. See Sec. 907(b) (4).

The facts show that the burley was purchased as raw leaf at public auction and was thereafter aged several years before use. The other tobacco was scrapped from the processing of cigars, was purchased from manufacturers, and was used almost immediately, without any processing except the addition of casing. They were bought in separate markets, in varying amounts, at widely disparate prices, and were not mingled in the finished product. The average cost of the burley was around fourteen cents per pound, and of the scrap around twenty-two cents. The dissenting opinion of Member Matthews effectively demonstrates the complete unreliability, and unfairness, of a presumption based upon the treatment of these two commodities as fungible. The unpredictability of calculations so based appears again in the statement of petitioner's counsel, wherein it appears that the addition of one month's transactions, accidentally omitted from the calculations, shifted the presumption from petitioner's advantage to its disadvantage.

It is manifestly unfair to rely upon a presumption so capriciously realized.

■ We think that petitioner's counsel correctly conceived in his opening statement and in Exhibit 2 that the marginal calculations for burley should be kept separate from scrap. The figures for scrap are germane only as they relate to the tax concededly shifted. It is possible that a correct comparison of margins may result in a presumption against the Commissioner and the consequent shifting of the burden of proof.

The decision is reversed and the case remanded for proceedings consistent herewith.