## FINCK CIGAR CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.
### No. 10164.

Circuit Court of Appeals, Fifth Circuit.
March 5, 1943.

Muckleroy McDonnold, of San Antonio, Tex., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Arthur Manella, J. Louis Monarch, Helen R. Carloss, and Newton K. Fox, Sp. Assts. to Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue and Raymond F. Brown and Breedlove Smith, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

From October 1, 1933, through May 31, 1935, Finck Cigar Company, Inc., a processor of tobacco, paid a total of $20,126.25 in processing taxes under the Agricultural Adjustment Act, c. 25, 48 Stat. 31, 7 U.S.C.A. § 601 et seq. The taxing provisions of the Act were held unconstitutional in United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914, and Rickert Rice Mills v. Fontenot, 297 U.S. 110, 56 S.Ct. 374, 80 L.Ed. 513. Following these decisions, Congress authorized, subject to strict conditions and limitations, the refund of taxes paid under the Act. Title VII, §§ 901–917, Revenue Act of 1936, c. 690, 49 Stat. 1648, 7 U.S.C.A. §§ 623 note, 644-659. Finck Cigar Company's claim for refund in the amount of $20,124.95 was disallowed in full by the Commissioner. On review, the Processing Tax Board found that the burden of the tax had been shifted to others, and accordingly denied recovery of any of the amount claimed.

The claimant thereupon filed its petition for review in this court.

The record shows that during the tax period Finck Cigar Company manufactured eight or ten brands of cigars. Its sales for the period amounted to $1,041,166.93. Sales prices of cigars were not changed except on two brands on which prices were increased from $38.50 to $40 per thousand. These two brands made up approximately 60% of the sales of all cigars sold by Finck. The petitioner's president testified that the sales prices of the two brands were raised because of increased cost of labor and materials, and to meet the current prices of popular brands of cigars.

On September 30, 1933, petitioner had on hand in its factory 432,495 cigars which it priced arbitrarily for inventory purposes at an aggregate of $11,309.42. On the same date there were 50,400 cigars in the shipping room, priced arbitrarily for inventory purposes at an aggregate of $1,801.06. Other cigars in the hands of salesmen were valued for inventory purposes at 20% less than sales prices. On May 27, 1935, petitioner had on hand in its factory 559,667 cigars, priced arbitrarily for inventory purposes at an aggregate of $15,499.20; 145,-400 cigars in the office, priced arbitrarily for inventory purposes at an aggregate of $4,677.42; and salesmen stocks valued at 20% less than sales prices. Finck did not charge the processing tax as a separate item to any purchaser of cigars, nor did it have any agreement with anyone for reimbursement on account of such tax.

Section 902 of the refunding statute provides that no refund of processing tax shall be made or allowed unless the claimant proves and establishes to the satisfaction of the Commissioner, the trial court, or the Board of Review that he bore the burden of the amount paid as tax and "has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly", (1) through the inclusion of the amount paid in the price of the product, (2) through reduction of the price paid for raw material, or (3) "in any manner whatsoever". Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143; Colonial Milling Co. v. Commissioner, 6 Cir., 132 F.2d 505.

Section 907(a) contains a special provision with respect to proof of the extent to which a taxpayer bore the burden of the processing tax. This section provides that it shall be prima facie evidence that the tax was borne by the claimant to the extent that the average margin per unit of the commodity processed "was lower during the tax period than the average margin was during the period before and after the tax". If the average margin per unit was higher during the tax period, that fact constitutes prima facie evidence that none of the burden of the tax was borne by the claimant but that it was shifted to others. In the case of tobacco, the "period before and after the tax" is defined in Section 907(c) as the twelve month period preceding the imposition of the tax and the six month period, February to July, 1936, inclusive, following its invalidation. Other provisions of the Act outline methods by which such margins are to be computed.

Here the evidence is without dispute that the average margin per unit of tobacco processed by Finck was lower during the periods before and after the tax than it was during the tax period. That showing cast upon the taxpayer the entire burden of overcoming the statutory presumption that it had not borne the burden of the tax. It was incumbent upon the claimant to show the amount of the tax burden which had been actually borne by it. I. L. Walker Tobacco Co. v. Commissioner, 6 Cir., 129 F.2d 464; Cudahy Packing Co. v. United States, 7 Cir., 126 F.2d 429.

The burden of proof placed upon a claimant by the refund statute is an onerous one. The evidence of this petitioner fails to carry that burden. The principal witness, the president of petitioner, was unable to point to original records which would speak the facts as to payment of the taxes in question. He indulged in assumptions and arbitrary valuations, and when answering questions bearing upon the true facts as to who had paid and borne the burden of the taxes, he used the word "probably", and left the answer a matter of speculation. Moreover, the petitioner's evidence as to costs measures to no more than estimates and approximations, wholly unsupported by facts, records, or book entries. Nowhere does the record contain substantial evidence upon which a recovery could be predicated. The proof adduced by the petitioner fails to meet the strict requirements of the statute, and the Board of Review properly denied recovery on the claim. Honorbilt Products, Inc., v. Commissioner, 3 Cir., 119 F.2d 797; Colonial Milling Co. v. Commissioner, 6 Cir., 132 F.

2d 505; United States v. H. T. Poindexter & Sons Merchandise Co., 8 Cir., 128 F.2d 992; Andrew Jergens Co. v. Conner, 6 Cir., 125 F.2d 686; Luzier's, Inc., v. Nee, 8 Cir., 106 F.2d 130, 131.

The decision of the Board of Review is affirmed.