## BYARS v. COMMISSIONER OF INTER-NAL REVENUE.

## COMMISSIONER OF INTERNAL REVE-NUE v. BYARS.

## In re SUMMERVILLE COTTON MILLS.

### Nos. 10558, 10590.

Circuit Court of Appeals, Fifth Circuit.
Nov. 9, 1943.

Rehearing Denied Dec. 9, 1943.

Graham Wright, of Rome, Ga., for Grover C. Byars, Trustee in Bankruptcy for Summerville Cotton Mills.

Joseph M. Jones, Sewall Key, and Helen R. Carloss, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, Raymond F. Brown and Lloyd C. Hooks, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., for Commissioner of Internal Revenue.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

Petitioner, as trustee in bankruptcy of Summerville Cotton Mills, filed a claim for refund of processing taxes paid by the bankrupt under the unconstitutional Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq. The Commissioner disallowed the claim, but the Processing Tax Board of Review awarded a refund in the sum of $17,874.28. A mathematical error in the computation of the refund was corrected by a nunc-pro-tunc order of the Tax Court, in accordance with a stipulation of counsel, so that the actual refund allowed was $16,245.49. The trustee, claiming that the refund should have been in the sum of $103,842.77, has petitioned for review.

The facts are stipulated, and the question of law presented is whether the petitioner made out a case for refund by proving that the bankrupt paid processing taxes in the sum of $121,079.46, and that it had a net operating loss for the tax period on the units upon which the tax was paid in the sum of $61,842.77.

Section 902 of the Revenue Act of 1936 provides that no refund of processing taxes paid by a claimant under the Agricultural Adjustment Act shall be allowed unless the claimant establishes that he bore the burden of the tax and has not been relieved of, reimbursed for, or shifted,

that burden in any manner whatsoever.[1] Petitioner contends that proof of a net operating loss during the tax period establishes that the burden of the tax was actually borne by the bankrupt to the extent of said loss; and that he is also entitled to a reasonable return on the capital investment for the entire tax period (8% of $300,000) in the sum of $42,000.

■ The fallacy of this argument is readily apparent. The net operating loss sustained by the bankrupt may have been attributable to high operating expenses, depressed market conditions, labor difficulties, an unsound financial basis, or any one or more of innumerable causes. The mere fact that a net operating loss was sustained means nothing unless the claimant can also show that such loss resulted from paying the processing taxes and bearing the burden thereof.

The refund statute imposes upon the claimant the burden of proving that he bore the burden of the tax, and provides that he may carry this burden either by showing that the ultimate economic burden of the tax was borne by him, or by proof that the average margin per unit of the commodity processed was lower during the tax period than was the average margin during the period before and after the tax.[2] In the latter instance, the statute specifically provides that such proof shall give rise to a rebuttable presumption that the burden of the tax was borne by the claimant to the extent (not to exceed the amount of the tax) that the average margin per unit was lower during the tax period; and in the same manner, if the average margin during the tax period was greater than that before and after the tax, the presumption is that the tax burden was not borne.[3]

■ As we have pointed out, proof of a net operating loss during the tax period has no probative force to establish that the economic burden of the tax actually was borne by the taxpayer. Whether or not such loss has significance with respect to invoking the statutory presumption in favor of the claimant depends upon a comparison of the average margin per unit during the tax period with the period before and after the tax. In this regard the facts show that the bankrupt operated at a net loss in the period before and after the tax, and that its average margin was not lower during the tax period than it was before and after the tax, thus giving rise to a presumption against the claimant. The Board found, however, that increases in operating expenses and interest paid during the tax period, not taken into account in computing the average margin, reduced that margin to a point below that for the period before and after the tax. For the portion of that marginal difference attributable to the tax the Board awarded a refund in the sum of $16,245.49.

■ Section 902 of the Revenue Act of 1936 specifies the conditions upon the allowance of refunds that must be met before a refund may be ordered. The Congress made clear its purpose that refunds should be allowed only to claimants who had paid, and had sustained the economic burden of, the tax. No attempt was made to insure processors against a net operating loss for the tax period, or to guarantee a reasonable return upon invested capital. The result reached by the Board was as favorable to the claimant as the proof warranted, and the judgment in cause numbered 10558 is affirmed.

■ The appeal brought by the Commissioner involves credits in favor of the Government against the refund awarded the claimant in amounts in excess of the refund. The record contains a stipulation to the effect that, due to a waiver of refunds of processing taxes made in the settlement of prior related litigation, any refund awarded in this proceeding should be credited with, or offset by, the sum of $17,373.61. It is also stipulated that a further credit of $1,361.22 should be allowed in consideration of amounts previously refunded to vendees or subvendees of the bankrupt. The only question is whether this court should give effect to these credits in this proceeding.

It is obvious that the incorporation of the stipulation in the record was for the purpose of finally terminating litigation with respect to the claim here asserted, and no useful purpose would be served by requiring the parties to undertake further proceedings to establish credits admitted to be due. The stipulation was in the record before the Board, and the agreed

---

[1] 7 U.S.C.A. § 644, 49 Stat. 1747.

[2] Anniston Mfg. Co. v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143; Commissioner v. Bain Peanut Co., 5 Cir., 134 F.2d 853.

[3] 7 U.S.C.A. § 649, 49 Stat. 1751.

credits should have been allowed against the refund awarded.

On the petition for review of the trustee the decision is affirmed; on the petition of the Commissioner the judgment is reversed, and the cause remanded to the Tax Court for further proceedings not inconsistent with this opinion.