## BLUMENTHAL PRINT WORKS et al. v. UNITED STATES.

### No. 10865.

Circuit Court of Appeals, Fifth Circuit.

March 3, 1944.

Isaac S. Heller, of New Orleans, La., for appellants.

Helen Goodner and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Henry C. Vosbein, Asst. U. S. Atty., of New Orleans, La., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This appeal involves a claim for refund of compensating taxes in the amount of $23,-529.39.

When the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq., was declared unconstitutional (United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A. L.R. 914) congress passed a statute providing for the manner in which those who had paid the taxes under the Agricultural Adjustment Act might recover the amount which had been paid. Revenue Act of 1936, c. 690, 49 Stat. 1648, 7 U.S.C.A. § 644 et seq.

Question: Have the taxpayers sustained their burden of proof under Section 902 of the Revenue Act of 1936 to show that they bore and did not shift to others the burden of compensating taxes?

The District Court, trying the case without the intervention of a jury, found that taxpayers failed to make out their case for the claimed refund, and thereupon dismissed the complaint.

A very full and exhaustive finding of facts in this case is reported in 51 F.Supp. 208, and no good purpose can be served by setting them out again at length.

The taxpayer, Blumenthal Print Works, is a commercial co-partnership, engaged in converting, importing, and dealing in cotton goods continuously since the year 1930. During the period from August 3, 1933 to January 6, 1936, taxpayers paid the amounts of $42,425.20 and $477.85 as compensating taxes on importations of cotton merchandise through the ports of New Orleans and New York, respectively. The amount of $4,155.-71 was paid with respect to imports of certain goods known as "Spring Air" and "Dobby" exclusively for the taxpayers' own account; and $38,269.49, as well as the $477.85, paid at New York, were paid with respect

to importations from Tissage de Courtrai, a Belgian firm, principally under a written agreement dated December 19, 1933. This agreement provided for the purchase of merchandise by taxpayers from Tissage de Courtrai for resale upon a profit sharing basis. From the sale price of each lot imported, taxpayer was to deduct the cost, including freight, drayage, duty and taxes, including compensating tax, and 5½% to represent discount, commission and their profit. The surplus, if any, then remaining from the sale price was to be divided equally between taxpayers and Tissage de Courtrai.

The evidence of the senior partner of taxpayer, Sidney E. Blumenthal, certainly left to speculation and conjecture the very pertinent question as to whether the compensating taxes had been passed on to others or not. He testified that he did not know whether the compensating taxes paid by taxpayers were passed on to their customers or not; that in making up sales prices to customers all costs were taken into account, such as basic European cost, freight, duty, compensating taxes, plus discounts; that sales were made in a competitive market, and that the sales prices normally figured "at what we believed to be the correct and proper mark-up, all costs included" were placed in the salesmen's hands, and such prices "are first put out at a convention that is held in Chicago—a competing convention where all lines are shown and prices are adjusted to meet competition * * *." Blumenthal further testified that he distinctly remembered writing, and identified a letter of Blumenthal Print Works, which was addressed to the Collector of Internal Revenue at New Orleans, requesting an extension of 90 days within which to pay floor taxes assessed against his partnership, suggesting that within such delay taxpayers would be able to collect to a great extent the amount of floor taxes that "we are passing on to our customers when shipping merchandise from our stock", but to the best of his knowledge he said the letter related to no taxes involved in the present suit for refund, although he did not know to what particular tax assessment it referred. This witness further testified, "I believe we obtained the fair market price for all of our goods at all times." The evidence of Blumenthal and Breitling leaves to speculation and conjecture the question of whether or not the tax in question had been passed on to taxpayers' customers.

The Government's witness, Welsh, while testifying, used a written report which he had made after examining the books of taxpayers from which to refresh his memory. The court overruled a motion to have such report produced in court. We do not decide whether or not this ruling was error. Taxpayers were in possession of the books and papers from which this report was made; they knew what that report contained; they were able to rebut any and all of the evidence of this witness if they had desired, from these books and papers. This witness testified most favorably for them and if error was committed it was in no wise prejudicial.

Section 902, Revenue Act of 1936, c. 609, 49 Stat. 1648, among other things provides that no refunds shall be made or allowed unless the claimant establishes "that he bore the burden of such amount and has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly."

From a very careful consideration of the evidence we are of opinion that taxpayers have failed to carry the burden placed upon them by this Act. Dobson v. Commissioner, 64 S.Ct. 239, 88 L.Ed. ——; Anniston Mfg. Company v. Davis, 301 U.S. 337, 57 S.Ct. 816, 81 L.Ed. 1143; Byars v. Commissioner, 5 Cir., 138 F.2d 513; I. L. Walker Tobacco Company v. Commissioner, 6 Cir., 129 F.2d 464; United States v. H. T. Poindexter & Sons Mer. Co., 8 Cir., 128 F.2d 992; Honorbilt Products, Inc., v. Commissioner, 3 Cir., 119 F.2d 797; Finck Cigar Company v. Commissioner, 5 Cir., 134 F.2d 261.

We are not warranted in overturning the findings of the trial court sitting as a jury when they are supported, as here, by substantial evidence. Dobson v. Commissioner, supra.

Affirmed.